## Muckle v. Payne.

*Contract—Building contract—Specifications—Elevators—Air cushions—Tests.*

Where a building contract provides a certain make of elevators and that certain patented air cushions shall be provided, and that the air cushions shall be subjected to certain tests, the contractor may recover for the elevators and air cushions without the test having been made, where it appears that he constructed the air cushions of the depth appearing upon the architect's plan submitted to him, although the specifications were silent as to the depth of the cushions.

Argued Jan. 18, 1901. Appeal, No. 239, Jan. T., 1900, by defendants, from judgment of C. P. No. 1, Phila. Co., Sept. T. 1899, No. 430, on verdict for plaintiff in case of M. R. Muckle, Jr., T. Carpenter Smith and John S. Muckle, copartners, trading as M. R. Muckle Jr. & Company v. George F. Payne and Charles G. Wetter, trading as George F. Payne & Company. Before McCollum, C. J., Fell, Brown, Mestrezat and Potter, JJ. Affirmed.

Assumpsit on a building contract. Before Beitler, J.

At the trial it appeared that George F. Payne & Company had

the contract for building the twelve story office building for the United Gas Improvement Company in Philadelphia. M. R. Muckle, Jr. & Company, contracted with Payne & Company to put in the mechanical plant consisting of heating, lighting, power elevators, etc. Wilson Brothers and Company were the architects employed by the owner to design and superintend the construction of the building. The contract called for elevators of the Sprague-Pratt multiple sheave style, to be equipped with Ellithorpe's air cushions. The contract also provided as a test that " any or all of the cars will, at the discretion of the owners, be dropped from the twelfth floor to and into the air cushion and must sustain no injury. "

It was stipulated in the contract that the decision of the architect should be final on all matters in dispute. The specifications were silent as to the depth of the air cushions, but plans furnished by the architects to plaintiffs showed that they were not to extend above the first floor, and would be twelve feet deep.

The air cushions were constructed according to the plans. When plaintiffs were asked to make the test referred to in the contract, they notified the inventor, Ellithorpe, and he stated that owing to some recent experiments, " he did not consider the cushions in the United Gas Improvement Company's building deep enough for the safe dropping of the cars." This information was communicated to defendants, and no further request was made for a test.

The court refused binding instructions for defendant.

Verdict and judgment for plaintiff for $7,869.40. Defendants appealed.

*Error assigned* among others was (7) in refusing binding instructions for defendants.

*Robert Alexander*, of *Alexander & Magill*, for appellants.

*Francis Shunk Brown*, with him *Alexander Simpson, Jr.*, and *Ira J. Williams*, for appellees.

PER CURIAM, February 25, 1901 :
We find no cause for reversing the judgment in this case.

All the questions of fact in it were referred to the jury under proper instructions and no injustice or error is discoverable in their verdict. In the answers of the court to the defendants' points, nothing appears which seems to require a new trial. The motion for the latter was carefully considered in an opinion filed, and resulted in a refusal of it. The specifications of error are accordingly dismissed.

Judgment affirmed.